IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FOX VALLEY LABORERS HEALTH AND WELFARE FUND, *et al.*, | )<br>)<br>) CIVIL ACTION |
| Plaintiffs, | )<br>) NO. 18 C 119 |
| v. | )<br>) MAGISTRATE JUDGE |
| BOSLY CONSTRUCTION, LLC, an Illinois limited liability company, | ) MARY M. ROWLAND<br>)<br>) |
| Defendant. | ) |

**PLAINTIFFS' MOTION TO REOPEN CASE FOR THE LIMITED PURPOSE
OF ENFORCING THE TERMS OF THE PROMISSORY NOTE AND CONTRACT
FOR CASH BOND AND ENTERING JUDGMENT AGAINST DEFENDANT
BOSLY CONSTRUCTION AND JASMIN BILICH, INDIVIDUALLY**

NOW COME Plaintiffs, FOX VALLEY LABORERS HEALTH AND WELFARE FUND, *et al.*, by their attorneys, and move the Court for the entry of an order reopening this action for the limited purpose of enforcing the terms of the Agreed Order of Dismissal, which incorporates the Promissory Note and Contract for Cash Bond, entered into between the parties in April 2018, and entering judgment against Defendant, Bosly Construction, LLC, an Illinois limited liability company ("Defendant" or "Bosly"), and Jasmin Bilich, individually ("Bilich"). In support of the Motion, Plaintiffs state as follows:

1. This action was originally brought by the Plaintiffs, the Trustees of the jointly-administered, labor-management employee benefit plans known as the Fox Valley Laborers Fringe Benefit Funds, alleging, *inter alia*, that Defendant breached its obligations under the terms of the collective bargaining agreements entered into with Construction and General Laborers' District

Council of Chicago and Vicinity and the Agreements and Declarations of Trust under which the Plaintiff Funds are maintained. Specifically, Plaintiffs allege that Defendant failed to remit payment of contributions for work performed on its behalf by beneficiaries of the Plaintiff Funds. The Complaint was brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145.

2. On April 18, 2018, an Agreed Order of Dismissal incorporating the terms for settlement agreed to by the parties as set forth in the Promissory Note and Contract for Cash Bond was entered by this Court (a copy of the Agreed Order of Dismissal is attached hereto as Exhibit 1).

3. Pursuant to the Promissory Note (a copy of which is attached hereto as Exhibit 2), Bosly and Bilich offered, and the Plaintiff Funds agreed to accept, the total amount of $8,416.34, plus interest at the annual rate of 6.5%, over a period of four (4) months in settlement of amounts due for the time period September 2017 through February 2018.

4. Pursuant to the Contract for Cash Bond (a copy of which is attached hereto as Exhibit 3), Bosly offered, and the Plaintiff Funds agreed to accept, the total amount of $5,000.00, over a period of four (4) months in settlement of Bosly's obligation pursuant to the terms of the Agreements and Declarations of Trusts establishing the Plaintiff Funds to authorize the Funds to accept cash bonds as guarantees for the payment of monthly contributions to the Funds and pursuant to the applicable collective bargaining agreements requiring employers to post surety bonds or cash bonds.

5. Pursuant to the terms of the Promissory Note, Bosly and Bilich promised to promptly submit, on a monthly basis, contributions due and owing for the months of March 2018 and subsequent months due by the 15th of the monthly following the work month, with respect to the

monthly reports and fringe benefit contributions that may become due throughout the payment schedule set forth in the Promissory Note.

6. In the event of default under the Promissory Note, Bilich shall be liable only for the amounts referenced in the payment schedule. Any additional contributions, liquidated damages and interest which may come due throughout the course of the Promissory Note shall remain the responsibility of Bosly.

7. In the event of default, the Funds shall give Bosly and Bilich written notice of the default and allow Bosly and Bilich a 14-day grace period from the date of service of written notice of default to cure the default.

8. If Bosly and Bilich are in default and they do not cure said default within 14 days of written notice of said default, the Funds may declare the entire unpaid principal balance on the Promissory Note and all accrued unpaid interest immediately due and payable without notice, demand or presentment and the entire unpaid principal balance on the Promissory Note and all accrued unpaid interest shall be collectable immediately.

9. Bosly and Bilich submitted its check no. 12272 in the amount of $3,175.63 dated June 10, 2018 as payment of the second installments of $2,175.63 due on the Promissory Note and $1,000.00 due on the Contract for Cash Bond (a copy of the 14-day notice to cure its default dated July 2, 2018 sent by Plaintiffs' counsel to Bilich is attached hereto as Exhibit 4).

10. On July 6, 2018, Plaintiff Funds notified Plaintiffs' counsel by email that Bosly and Bilich's check no. 12272 in the amount of $3,175.63 was returned by its bank indicating "non-sufficient funds." As of the date of filing the instant motion, said check has not been replaced by Bosly or Bilich.

11. Further, Bosly and Bilich have failed to submit the third installments due June 30, 2018 of $2,175.63 due on the Promissory Note and $1,000.00 due on the Contract for Cash Bond. Additionally, Bosly has not submitted its monthly fringe benefit contribution reports and any contributions due thereon for March 2018 forward as set forth in the payment schedule of the Promissory Note.

12. For all the reasons stated, the Plaintiffs hereby move the Court for the entry of an Order reopening this action for the limited purpose of enforcing the terms of the Promissory Note and Contract for Cash Bond and entering judgment against Bosly and Bilich. Specifically, Plaintiffs request:

  A. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC and Jasmin Bilich, individually, to include the amount of $6,526.89, being the balance remaining due on the Promissory Note.

  B. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC, to include the additional amount of $3,000.00, being the balance remaining due on the Contract for Cash Bond.

  C. That judgment be entered in favor of Plaintiffs and against Defendant, Bosly Construction, LLC, to include an additional $940.75 in attorneys' fees incurred by the Plaintiffs in this matter since April 19, 2018, which were incurred in enforcing the Promissory Note and Contract for Cash Bond, which includes one and one-half (1.50) additional hours for the preparation of the instant motion and one (1) additional hour of attorneys' fees to appear for the hearing on the instant motion.

  D. That Plaintiffs have such further relief as may be deemed just and equitable by the Court.

/s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\FVLJ\Bosly Construction\#27746\motion-reopen.cmc.df.wpd

# CERTIFICATE OF SERVICE

       The undersigned, an attorney of record, hereby certifies that on or before the hour of <u>4:00 p.m.</u>, this <u>27th</u> day of <u>July 2018</u>, she electronically filed the foregoing document (Motion to Reopen Case) with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

                Kathleen M. Cahill
                Allocco, Miller & Cahill, P.C.
                20 N. Wacker Drive, Suite 3517
                Chicago, IL   60606-3108
                kmc@alloccomiller.com

                                        /s/   Catherine M. Chapman

Catherine M. Chapman
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL   60606-5231
Bar No.: 6204026
Telephone: (312) 216-2565
Facsimile: (312) 236-0241
E-Mail: cchapman@baumsigman.com

I:\FVLJ\Bosly Construction\#27746\motion-reopen.cmc.df.wpd